UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
UNITED STATES OF AMERICA            :
                                    :  Crim. No. 12-663 (NLH)
     v.                             :
                                    :
WILLIAM RENSING,                    :
                                    :  **OPINION**
                                    :
          Defendant.                :
_____ :

**APPEARANCES**:

WILLIAM RENSING
# 63643-050
FCI PETERSBURG MEDIUM
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1000
PETERSBURG, VA  23804

     *Pro Se*

DANIEL V. SHAPIRO
OFFICE OF THE U.S. ATTORNEY
DISTRICT OF NEW JERSEY
970 BROAD STREET
SUITE 700
NEWARK, NJ 07102

     *Counsel for the United States*

**HILLMAN, District Judge**

     Before the Court is William Rensing's ("Defendant") Motion for Reconsideration of the Court's May 19, 2022 Order denying Defendant's Motion for Reduction of Sentence under the First Step Act, 18 U.S.C. § 3582(c)(1)(A).  (ECF 58).  Also before the Court is Defendant's Motion to Stay his Motion for

Reconsideration pending the appointment of counsel to represent him and his Motion for the Appointment of Counsel. (ECF 61, 62). For the reasons that follow, the Court will deny Defendant's motions.

**Background**

The Court assumes that the parties are familiar with the factual and procedural background of this case as set forth in this Court's May 19, 2022 Opinion, (ECF 52), and will only recite further facts as necessary for the resolution of the instant motions before the Court. On May 30, 2022, Defendant sent this Court a motion for an extension of time to file a motion for reconsideration of its Order denying his motion for compassionate release, (ECF 54), which this Court granted, giving Defendant until July 8, 2022 to a file his motion (ECF 55). Defendant sent in another letter dated July 4, 2022 asking for another extension to file his contemplated motion (ECF 56), which this Court also granted (ECF 57).

On July 11, 2022, the Court received the Motion for Reconsideration from Defendant. (ECF 58). On July 12, 2022, the Court then ordered the Office of the Federal Public Defender ("OFPD") to indicate on the docket whether or not it intended to enter an appearance on behalf of Defendant. (ECF 59). It also invited the Government to file a response to Defendant's motion for reconsideration if it so wished. (Id.) FPD filed a letter

dated July 21, 2022 in which it indicated that it had reviewed Defendant's motion for reconsideration and determined not to enter an appearance on behalf of Defendant. (ECF 60). The Government did not file a further response to supplement its April 2022 response to Defendant's underlying motion for compassionate release. (See ECF 50). On August 1, 2022, the Court received Defendant's Motion to Stay his motion for reconsideration pending the appointment of counsel (ECF 61) and Motion for the Appointment of Counsel (ECF 62). The Court addresses the outstanding motions against this factual and procedural backdrop.

**Discussion**

  A. **Motions for Appointment of Counsel and to Hold Motion for Reconsideration in Abeyance Pending Appointment of Counsel**

The Court first addresses Defendant's Motion to Stay his motion for reconsideration pending the appointment of counsel and Motion for the Appointment of Counsel as they present threshold issues for the motion for reconsideration. Defendant's Motion for the Appointment of Counsel specifically argues that this Court's Standing Order 2020-08 entitles him to representation by the OFPD.[1] (ECF 62 at 1). He argues that if the OFPD will not represent him, this Court must appoint an

---

[1] See UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY, STANDING ORDERS, https://www.njd.uscourts.gov/standing-orders (last visited August 9, 2022) ("Standing Order").

3

attorney from the Criminal Justice Act ("CJA") panel to represent him. (Id.) Defendant asks that the Court refrain from opining on his Motion for Reconsideration until he is appointed counsel.

Defendant's requests are meritless. Defendants are not entitled to counsel to bring a motion for compassionate release, particularly where such appointment would be futile. United States v. Bess, No. CR 16-522 (SDW), 2021 WL 5277201, at *3 n.6 (D.N.J. Nov. 12, 2021) ("Defendants do not have a constitutional right to appointment of counsel when seeking compassionate relief. Although a district court has the discretion to appoint counsel, where an underlying motion for compassionate release will fail, appointing counsel would be futile.") (internal citations and quotation marks omitted); United States v. Wilson, No. CR 13-787-4 (SDW), 2020 WL 7074377, at *2 n.2 (D.N.J. Dec. 3, 2020) ("In deciding whether to appoint counsel, the court must decide if the petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court.") (internal quotation marks omitted).

He also misreads Standing Order 2020-08. He reads it to require the OFPD to represent him because he was previously found entitled to appointment of counsel in his underlying criminal proceeding. (ECF 62 at 1). Standing Order 2020-08 states, in relevant part,

> "Pursuant to the provisions of the Criminal Justice Act, Title 18 U.S.C. § 3006A(a)(1) and (c), the Office of the Federal Public Defender is hereby appointed to represent any defendant previously determined to have been entitled to appointment of counsel, or who was previously represented by retained counsel and is presently indigent, to determine whether that defendant is eligible to petition the Court for compassionate release and to present any motions or applications for compassionate release in accordance with Section 603(b) of the First Step Act of 2018."[2]

As illustrated by its very language, Standing Order 2020-08 requires the OFPD to review motions for compassionate release to determine whether its representation of a defendant is appropriate.  It does not contain language automatically requiring that the OFPD represent a defendant if it declines for any reason not it or for the Court to appoint an attorney from the CJA panel where the defendant was previously found entitled to counsel.  This is consistent with how courts in this district have interpreted the standing order. United States v. Patterson, No. CR 18-0264 (ES), 2021 WL 2660273, at *1 n.1(D.N.J. June 28, 2021) (outlining the OFPD's role in screening whether appointment of counsel is appropriate for a compassionate release motion); United States v. Ulerio, No. CR 19-568-4 (ES), 2021 WL 486893, at *1 n.2 (D.N.J. Feb. 10, 2021) (same); United States v. Johnson, No. CR 19-0787 (ES), 2021 WL 165103, at *1 (D.N.J. Jan. 19, 2021) (same).

---

[2]  Standing Order.

Here, FPD reviewed Defendant's Motion for Reconsideration and determined that it was not necessary to enter an appearance. (ECF 60). That is all that Standing Order 2020-08 requires. Thus, because Defendant is not entitled to counsel and the Court finds that such an appointment would be futile, it will deny Defendant's motions to appoint counsel and to hold his motion for consideration in abeyance pending such appointment. Bess, 2021 WL 5277201 at *3 n.6.

### B. Motion for Reconsideration

Although there is no Federal Rule of Criminal Procedure that explicitly governs Motions for Reconsideration, the Third Circuit has recognized that such motions may be filed in criminal matters. United States v. Fiorelli, 337 F.3d 282, 286 (3d Cir. 2003) ("As noted by the Second and Ninth Circuits, motions for reconsideration may be filed in criminal cases."). Indeed, New Jersey's Local Rules recognize that Local Rule of Civil Procedure 7.1(i), dealing with motions for reconsideration, applies in criminal matters. L. Cr. R. 1.1; United States v. Curry, 2006 WL 1320083, at *1 n.2 (D.N.J. May 12, 2006) ("While the Federal Rules of Criminal Procedure do not specifically address motions for reconsideration, our Local Rule of Criminal Procedure 1.1 expressly adopts for use in criminal cases Local Rule of Civil Procedure 7.1(i), which permits a party to move for reconsideration or reargument."). The three

6

main avenues that deal with Motions for Reconsideration are Rule 59(e), Rule 60(b), and Local Rule 7.1(i).  See Copeland v. Twp. of Bellmawr, No. 1:17-CV-12104-NLH-JS, 2019 WL 494454, at *2 (D.N.J. Feb. 8, 2019).

Local Rule 7.1(i), along with Rule 59(e), allows a party to file a motion with the Court requesting the Court to reconsider the "matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked."[3]  L. Civ. R. 7.1(i); see also Flores v. Predco Servs. Corp., No. 10-1320, 2011 WL 3273573, at *1 (D.N.J. Jul. 29, 2011).  The Third Circuit has held that a Rule 7.1(i) motion may be granted only if: (1) there has been an intervening change in the controlling law; (2) evidence not available when the Court issued the subject order has become available; or (3) it is necessary to correct a clear error of law or fact to prevent manifest injustice.  Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (internal citations

---

[3] Defendant does not identify specifically which provision of law he relies upon for reconsideration.  Motions under Rule 59(e) and Local Rule 7.1(i) are governed by the same standard. In re Vehicle Carrier Servs. Antitrust Litig., No. CV133306ESJAD, 2016 WL 1628879, at *2 (D.N.J. Apr. 25, 2016), aff'd, 846 F.3d 71 (3d Cir. 2017), as amended (Jan. 25, 2017) ("The standard for a motion brought under Local Civil Rule 7 .1(i) is the same as that for a motion brought under Rule 59(e), which governs motions to alter or amend a judgment.").  Rule 60(b) presents a slightly different standard which the Court will address in turn.

omitted). These motions must be made within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge. L. Civ. R. 7.1(i).

Local Civil Rule 7.1(i) applications are to be granted sparingly. Brackett v. Ashcroft, No. 03-3988, 2003 U.S. Dist. LEXIS 21312, at *2 (D.N.J. Oct. 7, 2003) (internal citations omitted) ("[r]econsideration is an extraordinary remedy that is granted very sparingly."); see also L. Civ. R. 7.1(i), cmt. 6(d). A mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law. United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999). The burden is on the moving party to demonstrate the existence of clear error or manifest injustice. Andreyko v. Sunrise Sr. Living, Inc., 993 F. Supp. 2d 475, 478 (D.N.J. 2014) (citations omitted). In doing so, the moving party must show the "'dispositive factual matter or controlling decisions of law'" it believes the court overlooked in its initial decision. Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 215 F. Supp. 2d 482, 507 (D.N.J. 2002).

The other chief avenue for reconsideration is via Rule 60(b). "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528, 125 S. Ct.

8

2641, 162 L.Ed.2d 480 (2005). In addition, Rule 60(b)(6) "is a catch-all provision that authorizes a court to grant relief from a final judgment for 'any ... reason' other than those listed elsewhere in the Rule." Cox v. Horn, 757 F.3d 113, 120 (3d Cir. 2014) cert. denied sub nom. Wetzel v. Cox, 135 S. Ct. 1548, 191 L.Ed. 2d 663 (2015).

Rule 60(b) motions are left to the sound discretion of the trial court, consistent with accepted legal principles applied in light of all relevant circumstances. Pierce Assoc. Inc. v. Nemours Found., 865 F.2d 530, 548 (3d Cir. 1988). "A court may grant a Rule 60(b) motion only in extraordinary circumstances, and a Rule 60(b) motion is not appropriate to reargue issues that the court has already considered and decided." Weber v. Pierce, No. 13-283, 2016 WL 2771122, at *2 (D. Del. May 13, 2016) (citations and footnote omitted); see also Cox, 757 F.3d at 120 (quoting Sawka v. Healtheast, Inc., 989 F.2d 138, 140 (3d Cir. 1993)). Under Rule 60(c), a motion under 60(b) must be filed within a "reasonable time." Millhouse v. Warden Lewisburg USP, 836 F. App'x 105, 108 (3d Cir. 2020).

First, Defendant has not met his burden under Rule 59(e) or Local Rule 7.1(i). Defendant's proffered reasons for reconsideration essentially boil down to an argument that he needed counsel to bring his prior motion for compassionate release and since none was provided he was denied his Fifth

9

Amendment Right to Due Process.  (ECF 58 at 3).  Defendant's principal contention appears to be that appointed counsel would have helped him demonstrate his extensive rehabilitation while in prison and his low risk of recidivism and the fact that the fact that he did not have counsel for his prior motion amounted to a denial of due process.  (Id.)

None of Defendants complaints constitute a change in controlling law, the existence of new evidence, or a clear error of law or manifest injustice.  Max's Seafood Café ex rel. Lou-Ann, Inc., 176 F.3d at 677.  Rather, Defendant is merely dissatisfied with the outcome of his prior motion and wishes to have a lawyer to try again.  (ECF 58).  That does not present any facts that were unavailable to Defendant previously, does not show a change in controlling law, or show that the Court erred in its underlying Order. Copeland, 2019 WL 494454 at *2 n.4 ("A motion for reconsideration may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached, and mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law[.]" (internal citations omitted).

Defendant also argues that Standing Order 2020-08 requires the OFPD to indicate whether it intends to represent a defendant within five days after the pro se motion for compassionate

release is filed and fifteen days thereafter to file any supplemental briefing.  (Id.)  Defendant further states that the standing order requires the Government to file a response brief within ten days of the filing of the pro se motion should the OFPD decide not to enter an appearance.  (Id.)  However, Defendant's references to time limits for the OFPD to indicate if it will adopt a pro se motion for compassionate release and for the Government to file a response do not appear in Standing Order 2020-08.[4]  The Court cannot discern the basis for Defendant's assertion of a specific timeline for FPD and the Government to address a pro se motion for compassionate release.  As discussed above, Standing Order 2020-08 contemplates that FPD will review pro se motions for compassionate release and indicate if it will be entering an appearance.  A requirement beyond that does not appear in any standing order of this Court nor in this district's jurisprudence or published rules.  Ulerio, 2021 WL 486893 at *1 n.2.

Defendant is simply trying to relitigate his request for appointment of counsel which was denied for his prior motion and

---

[4]  In his motion for reconsideration, Defendant references the "Standard Procedural Order" rather than Standing Order 2020-08. (ECF 58).  The Court draws the conclusion that Defendant means Standing Order 2020-08 because Defendant appears to be trying to paraphrase Standing Order 2020-08 even when referring to the "Standard Procedural Order."  (Id.)  In addition, his motion for appointment of counsel explicitly references Standing Order 2020-08.  (ECF 62).

that denial neither justifies reconsideration nor does it represent a deprivation of due process. Copeland, 2019 WL 494454 at *2 n.4; Bess, 2021 WL 5277201 at *3 n.6. In short, Defendant has not met the standard to prevail on a motion for reconsideration under Rule 59(e) or Local Rule 7.1(i). Max's Seafood Café ex rel. Lou-Ann, Inc., 176 F.3d at 677.

The Court will also deny the motion looking at it through the lens of Rule 60(b). As mentioned above, relief under Rule 60(b) is a very high bar. Bohus v. Beloff, 950 F.2d 919, 930 (3d Cir. 1991) ("The movant under Rule 60(b) bears a heavy burden[.]"). To meet it, a movant must show some "extraordinary justifying circumstances." Id. Defendant does not offer any arguments approximating fraud, mistake, or newly discovered evidence. Gonzalez, 545 U.S. at 528. He simply states that he believes he was entitled to an attorney and that the lack of an attorney for his last motion amounted to a violation of due process. (ECF 58 at 3-4). As explained in analyzing Defendant's motion under Rule 59(e) and 7.1(i), regurgitating arguments that the Court has already rejected, namely his desire to have counsel appointed, is not enough. Copeland, 2019 WL 494454 at *2 n.4. Defendant's arguments regarding his need for counsel are not "extraordinary justifying circumstances." Bohus, 950 F.2d at 930. Thus, Defendant's motion for reconsideration must also be denied under Rule 60(b).

12

**Conclusion**

For the reasons set forth above, Defendant's Motion for Reconsideration of the Court's May 19, 2022 Order denying Defendant's Motion for Reduction of Sentence under the First Step Act, 18 U.S.C. § 3582(c)(1)(A) will be denied.  (ECF 58).  Defendant's motion to stay his motion for reconsideration pending the appointment of counsel to represent him and for the appointment of counsel will also be denied.  (ECF 61, 62).

An accompanying Order will issue.


Dated: August 10, 2022                s/   Noel L. Hillman
At Camden, New Jersey                 NOEL L. HILLMAN, U.S.D.J.

13