IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| UNITED STATES, | : |
| | : |
| v. | Crim. No. 12-663 (RBK) |
| | : |
| WILLIAM RENSING, | **OPINION** |
| | : |
| Defendant. | : |

**KUGLER**, United States District Judge:

**THIS MOTION** comes before the Court upon Defendant William Rensing's ("Defendant" or "Mr. Rensing") Motion for Reduction of Sentence ("Motion" or "Mot.") (ECF No. 73) pursuant to 18 U.S.C. § 3582(c)(2) and following the enactment of Amendment 821 of the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines"). For the reasons set forth below, Defendant's Motion is **DENIED**.

**I.   BACKGROUND**

Mr. Rensing is a federal prisoner currently housed at FCI Petersburg Medium in Hopewell, Virginia, with a projected release date of September 14, 2026. (ECF No. 85 at 2). On December 6, 2012, Mr. Rensing pled guilty to one count of distributing child pornography in violation of 18 U.S.C. §§ 2252(a)(2)(A) and (b)(1). (ECF No. 20). At the time of sentencing,[1] the parties agreed that Mr. Rensing's Total Offense Level was 34. *See* ("PSR" ¶ 54).[2] The parties further agreed that Mr. Rensing had six criminal history points and that he qualified for an

---

[1] Mr. Rensing was originally sentenced by Judge Simandle. (ECF No. 24). On March 21, 2021, this case was then reassigned to Judge Hillman, to whom the parties addressed their briefing pertaining to this Motion, before finally being reassigned to this Court on March 12, 2024.

[2] Mr. Rensing's Presentence Investigation Report ("PSR") is on file with U.S. Probation.

1

additional two points for committing the instant offense while under supervised release for a prior state charge. (*Id.* ¶¶ 61–67). As a result, it was determined that Mr. Rensing had a Criminal History Category of IV, and both the parties and the Court agreed to an advisory Guidelines range of 210–262 months. (*Id.* ¶¶ 74, 107). On May 23, 2013, the Court sentenced Mr. Rensing to a term of 210 months—a sentence at the low end of his advisory range—with a supervised release term of ten years. (ECF Nos. 23–24).

On January 8, 2024, Mr. Rensing filed the instant Motion for a Reduction of Sentence. (ECF No. 73). On March 8, 2024, the Government filed a brief opposing the Motion. (ECF No. 81, Br. Opp.). On April 4, 2024, Mr. Rensing replied with a brief further supporting his Motion. (ECF No. 84, Def.'s Reply). On May 9, 2024, U.S. Probation filed a memorandum stating its belief that Mr. Rensing is eligible for a reduction in sentence. (ECF No. 85, Probation Mem.). Mr. Rensing's Motion is now ripe for review.

## II. LEGAL STANDARD

Section 3582(c)(2) "establishes a two-step inquiry. A court must first determine that a reduction is consistent with Section 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in [18 U.S.C.] § 3553(a)." *Dillion v. United States*, 560 U.S. 817, 826 (2010).[3]

---

[3] Section 1B1.10(b)(1) states, in relevant part:

> In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

"Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (d) that lowers the applicable guideline range (*i.e.*, the guidelines range that corresponds to the total offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance)." U.S.S.G. § 1B1.10 n.1(A).

Amendment 821, as promulgated by the United States Sentencing Commission (the "Commission"), became effective on November 1, 2023. *See* Sentencing Guidelines for United States Courts, 88 FR 28254-01; U.S.S.G. § 4A1.1(e).[4] Prior to the enactment of Amendment 821, an offender was given two additional criminal history points—commonly referred to as "status points"—if he committed the underlying offense while under a criminal justice sentence. *Id.* Now, pursuant to the Amendment, an offender with seven or more criminal history points has his previously imposed two status points reduced to only one and an offender with six or fewer criminal history points no longer receives any status points. *Id.*

### III.   DISCUSSION

Mr. Rensing seeks a reduction in sentence to a term of 188 months incarceration, the bottom of his amended guideline range.[5] The parties have not entered a joint stipulation on this matter and disagree whether a reduction is warranted, notwithstanding their agreement that he qualifies for a reduction under Amendment 821. Specifically, the Government "opposes *any* reduction of [Mr. Rensing's] sentence in this case." (Br. Opp. 3 n.2) (emphasis in original).

---

[4] Amendment 821 is currently listed as an amendment granting eligibility for consideration of a reduction under § 3582(c)(2). *See* U.S.S.G. § 1B1.10(d) (listing covered amendments).

[5] Pursuant to U.S.S.G §§ 1B1.10(b)(1)(A) and (B), and Application Note 3, the Court may not reduce a sentence to less than the bottom of the amended guideline range, except to reflect a substantial assistance departure.

We now proceed to the two-step inquiry required by 18 U.S.C. § 3582(c)(2) to determine: (1) whether Mr. Rensing in fact qualifies for a reduction; and (2) whether such a reduction "is warranted, either in whole or in part" upon review of the factors pursuant to 18 U.S.C. § 3553(a). *See Dillon*, 560 U.S. at 826.

### A. Qualification for Reduction

Both parties, along with U.S. Probation, agree that Mr. Rensing qualifies for a reduction under Amendment 821. *See* (Mot.; Br. Opp. 2; Probation Mem. 2). Specifically, Mr. Rensing no longer receives the additional two "status points" for committing his crimes while on supervised release. *See* (Br. Opp. 2). As a result of this change, although Mr. Rensing's Total Offense Level remains at 34, his Criminal History Category is now III. (*Id.*). This creates a revised sentencing range of 188–235 months—a reduction from his original range of 210–262 months. (*Id.*). Because a reduction of Mr. Rensing's sentence would follow from a qualifying amendment listed in § 1B1.10(d), we find that Mr. Rensing is eligible for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). We therefore proceed to an analysis of the § 3553(a) factors.

### B. Section 3553(a) Factors

Notwithstanding a finding that a defendant qualifies for a reduction in sentence under Amendment 821, a court must look to the factors contained in 18 U.S.C. § 3553(a) to determine whether a reduction "is warranted, in whole or in part, according to the factors set forth in [18 U.S.C.] § 3553(a)." *Dillon*, 560 U.S. at 826; U.S.S.G. § 1B1.10. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational

>     training, medical care, or other correctional treatment in the most
>     effective manner.

18 U.S.C. § 3553(a).

Section § 1B1.10 offers further guidance on the applicability of the § 3553(a) factors in the form of Application Notes. For example, Application Note 1(B)(ii) directs that "[t]he court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." § 1B1.10 n.1(B)(ii). Application Note 1(B)(iii) further directs that "[t]he court may consider post-sentencing conduct of the defendant that occurred after the imposition of the original term of imprisonment." *Id.* n.1(B)(iii). Taken together, the Application Notes explain how the § 3553(a) factors are relevant in determining whether and by how much to reduce a sentence within the limits set forth in § 1B1.10(b).[6]

"The grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary." *United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998). A district court has "substantial discretion" when deciding to reduce a sentence, such that "[a]n agreement between the government and the defendant that a sentence reduction is appropriate does not bind the judge; nor is the judge's consideration of the question limited to the factors the parties regard as relevant." *United States v. Young*, 555 F.3d 611, 614 (7th Cir. 2009).

The Court finds that the § 3553(a) factors weigh overwhelmingly against a reduction in sentence. Mr. Rensing pled guilty to distributing a significant number of extremely graphic

---

[6] For instance, § 1B1.10(b)(2)(A) provides:

>     Except as provided in subdivision (B), the court shall not reduce the defendant's
>     term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a
>     term that is less than the minimum of the amended guideline range determined
>     under subdivision (1) of this subsection.

images involving the sexual exploitation of prepubescent children. *See* (PSR ¶¶ 22–23). We agree with the Government's assertion that "the horrific nature of these depictions cannot be understated" and that the nature and circumstances of Mr. Rensing's criminal misconduct was deserving of his original sentence at the time it was issued. *See* (Br. Opp. 4).

Mr. Rensing's personal history also militates against a reduction. In 2001, Mr. Rensing was charged with sexual assault and endangering the welfare of a child—specifically, his then-girlfriend's ten-year-old daughter—in New Jersey state court. *See* (PSR ¶¶ 61–67). As a result, he was placed on lifetime supervised release, which he has since violated by committing the instant offense. Given Mr. Rensing's disturbing pattern of behavior over an extended period, the Court cannot say with confidence that he no longer poses a danger to others or to the community. Despite serving nearly two years in state prison before being paroled on his sexual assault conviction, *see* (*id.* ¶ 61), Mr. Rensing's future misconduct regarding the sexual exploitation of children was still not deterred. For this reason, there remains a heightened need for deterrence and to protect others and the community in Mr. Rensing's case.

Furthermore, Mr. Rensing's current sentence remains squarely within the new advisory range afforded by the Amendment. Although Mr. Rensing was originally sentenced at the low end of his initial Guidelines range, the Court is not compelled to do the same for the revised range. *See United States v. Styer*, 573 F.3d 151, 154–55 (3d Cir. 2009) (denying a reduction based on the nature of the original criminal conduct). Rather, upon reviewing the § 3553(a) factors, the Court is confident that Mr. Rensing's original sentence of 210 months remains "sufficient, but not greater than necessary" to comply with the purposes of his sentence as set forth in the statute. 18 U.S.C. § 3553(a).

We recognize that Mr. Rensing has consistently acknowledged the seriousness of his offense. *See* (PSR ¶ 36; Def.'s Reply 7 (recognizing that "the nature and circumstances of his offense required significant punishment")). The Court also lauds Mr. Rensing's efforts at rehabilitation during his incarceration over the past thirteen years, including his prolific writing efforts. *See* (Mot. 1). But even being a "model prisoner"—as he describes himself, *see* (*id.*)—is insufficient to overcome the very real needs for deterrence and public safety in this case.

Accordingly, although Mr. Rensing qualifies for a reduction under Amendment 821, in light of the § 3553(a) factors the Court declines to grant Mr. Rensing a reduction of his sentence.

### IV.     CONCLUSION

For these reasons, Defendant's Motion for a Reduction in Sentence (ECF No. 73) is **DENIED**. An Order follows.


Dated: May 22, 2024                                         /s/ Robert B. Kugler
                                                            ROBERT B. KUGLER
                                                            United States District Judge